Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, | |
| Plaintiffs, | **COMPLAINT** (Injunctive Relief Demanded) |
| vs. | Case No.: |
| OCEAN PROPERTIES, LTD., INC., a Foreign Corporation; and MARPALM OF FLORIDA, INC., a Foreign Corporation, | |
| Defendant. | |

Plaintiffs, STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, on their behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiffs") hereby sue the Defendants, OCEAN

PROPERTIES, LTD., INC. a Foreign Corporation, and MARPALM OF FLORIDA, INC., a Foreign Corporation (sometimes referred to as "Defendants"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, STEVEN FISHER, is an individual who resides in Stansbury Park, Utah, in the County of Tooele.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office in the County of Los Angeles.

3. Defendants' property, Salt Lake City Marriott City Center, is located at 220 S State Street, Salt Lake City, Utah, 84111 in the County of Salt Lake.

4. Venue is properly located in the District of Utah because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

6. Plaintiff, Steven Fisher has suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination until the Defendants is compelled to comply with the requirements of the ADA.

7. Plaintiff, Steven Fisher is a Utah resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Mr. Fisher has cancer in his spine, and four

metal rods in place to hold the cadaver bone in his back. He frequently needs to use a wheelchair for mobility.

8. Plaintiff, ACCESS 4 ALL, INC. is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination until the Defendants are compelled to comply with the requirements of the ADA.

9. Steven Fisher of Access 4 All, Inc., has visited the property on December 8 through December 9, 2018 which forms the basis of this lawsuit and plans to return to the property once the barriers to access are corrected, and the facility become fully accessible.

10. Steven Fisher of Access 4 All, Inc., has encountered architectural barriers at the subject property, which have endangered his safety as described in paragraph 14 herein.

11. Defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or leases to is a property known as Salt Lake City Marriott City Center, and is located at 220 S State Street, Salt Lake City, Utah 84111.

12. Access 4 All, Inc. and one or more of its members, including Steven Fisher, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-

compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiffs have reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiffs desire to visit the subject property not only to avail themselves of the goods and services available at the properties but to assure their self that the property is in compliance with the ADA so that the individual Plaintiffs, the disability group and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

13. The Defendants have discriminated against the individual Plaintiffs, and one or members of the Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. * 12182 et seq.

14. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Salt Lake City Marriott City Center has shown that violations exist. These violations that Steven Fisher has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

### **Parking**
a) Signs are obstructed by parked vehicles which endangered Mr. Fisher and violate ADAAG and Section 502 of the 2010 ADAS requirements.

b) Several accessible parking spaces lack access aisles; others are obstructed by columns in unloading areas endangering Mr. Fisher and violate Section 604 of the 2010 ADAS requirements.

c) Several accessible parking spaces lead to un-ramped curbs and are not on an accessible route to the entrance which violated ADAAG and 2010 ADAS requirements. This created a hazardous condition for the Plaintiff.

d) Parking spaces marked van accessible lack required access aisles and widths.

e) There is no compliant accessible route to the street, sidewalk and hotel entrance, as there are steps without directional signage, which impeded Mr. Fisher's ability to enter the hotel in violation of the ADAAG Section 4.3 and 2010 ADAS Section 303, 304 and 403.

## Access to Goods and Services

g) The boarding pass station is beyond reach of wheelchair users violating 2010 ADAS requirements.

h) Check in counter lacks accessible writing surface and is > 36" violating 2010 ADAS.

i) Tables throughout the hotel lack knee and toe clearance and were inaccessible to Mr. Fisher violating ADA accessibility requirements.

## Access to Common Area Restrooms

j) Shower in the fitness center is of improper design and the seat location violates ADAAG and 2010 ADA requirements, preventing use by the Plaintiff.

k) Shower hose and controls are improperly located violating ADAAG and 2010 ADA requirements. This prevents unassisted use by the Plaintiff.

l) No grab bars provided in ambulatory stall violating ADAAG and 2010 ADA requirements. This condition prevented use of the stall by Plaintiff.

m) Mr. Fisher could not use the restroom coat hooks which were mounted beyond reach and violated ADAAG and 2010 ADA requirements.

n) Stall door is not self closing and lacks required hardware violating ADAAG Section 4.17 and 2010 ADAS Section 604.

o) There are multiple urinals with none accessible to Mr. Fisher or other wheelchair users violating ADAAG Section 4.15 and 2010 ADAS Section 605.

p) Grab bars were inaccessible and obstructed by dispenser which violated ADAAG Section 4.16 and 2010 ADAS Section 604, and which prevented the use by Plaintiff.

q) Mr. Fisher could not use the lavatory which lacks knee clearance and required width which violates ADAAG Section 4.19 and 2010 ADAS Section 603.3

r) Mr. Fisher could not use lavatory, the counter and mirror were mounted above maximum allowable height in violation of ADAAG Section 4.19 and ADAS Section 603.3 and 606.

s) The hotel restroom lacked pipe insulation which violated ADAAG and 2010 ADAS requirements, and created a hazard to the Plaintiff.

t) The toilet paper dispenser is mounted improperly within the stalls and violates ADAAG and 2010 ADAS requirements, and made its use difficult for the Plaintiff.

## Access to Guestroom Areas

u) Mr. Fisher could not access both sides of the bed which lacked 36" on both sides to approach which violates 2010 ADA Standards.

v) The adjoining room entrance was obstructed by furniture and inaccessible for Mr. Fisher to enter which violates ADAAG and 2010 ADAS requirement.

w) The shower stall is improperly designed and violates Section 608 of the 2010 ADAS requirements, which made use without assistance difficult for Plaintiff.

x) The shower seat and counter are improperly located and violate Section 608 of the 2010 ADAS requirements, which made use without assistance difficult for Plaintiff.

y) The flush control for water closet is on the wall side and violates Section 604 of the 2010 ADAS requirements. This condition created a hazard to the Plaintiff.

z) Thermostatic controls and the safe are obstructed by furniture and violate 2010 ADAS, which makes it difficult for Plaintiff to access.

### Maintenance

aa) The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

bb) The accessible guest rooms are not dispersed among the various accommodations offered.

15. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendants place of

6

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiffs, and all other individual members of the Plaintiff organization similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facility, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants ADA violations, as set forth above. The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendants have discriminated against the Plaintiff's organization and member Steven Fisher by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. * 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

Considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter Salt Lake City Marriott City Center to make the facility readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time

as the Defendants cure its violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendants to maintain its accessible features. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendants to maintain its accessible features.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: 3/4, 2019

Respectfully submitted,

_____
Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone:(305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

*Counsel for Plaintiffs, STEVEN FISHER and ACCESS 4 ALL, INC.*